```
               UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF VERMONT
```

| | |
|---|---|
| James Miles, : | |
|     Plaintiff, : | |
| : | |
| v. : | File No. 1:05-CV-139 |
| : | |
| Terry Rowe, Vermont State : | |
| Hospital, State of Vermont, : | |
|     Defendants. : | |

<u>ORDER</u>
(Paper 2)

Plaintiff James Miles, proceeding *pro se*, seeks to file a complaint pursuant to 42 U.S.C. § 1983, claiming that the defendants released confidential information without authorization, and searched his room without his consent.  The plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Paper 2), and has submitted affidavits that makes the showing required by § 1915(a) (Papers 2 and 4).  Accordingly, the plaintiff's request to proceed *in forma pauperis* (Paper 2) is GRANTED.  28 U.S.C. § 1915(a).

The following paragraphs are intended to assist the *pro se* litigant by identifying for him certain requirements of this Court.  Failure to comply with these

1

requirements may result in the dismissal of the complaint.

Because the plaintiff is not represented by a lawyer, he is reminded that the Federal Rules of Civil Procedure require him to mail to the lawyer(s) for the defendants a true copy of <u>anything</u> the plaintiff sends to the court.  Failure to do so may result in dismissal of this case or other penalties.  Anything filed with the court should specifically state that it has been sent to the lawyer(s) for the defendants.  The plaintiff should keep a true copy of everything he sends to the defendants or the Court.

Each party shall keep the Court apprised of a current address at all times while the action is pending. Notice of any change of address must be filed promptly with the Court and served on other parties.

As this case proceeds, it is possible that the defendants may file motions for summary judgment.  The Second Circuit requires that a *pro se* litigant be provided notice "of the nature and consequences of a summary judgment motion."  <u>Vital v. Interfaith Medical Center</u>, 168 F.3d 615, 621 (2d Cir. 1999); <u>see also</u>

<u>Sellers v. M.C. Floor Crafter</u>, 842 F.2d 639 (2d Cir. 1988).  A motion for summary judgment made by the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure is a request for a judgment in its favor without a trial.  This motion will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment as a matter of law.  All assertions of material fact in the defendants' motions will be taken as true by the Court unless contradicted by the plaintiff.  <u>See</u> <u>McPherson v. Coombe</u>, 174 F.3d 276, 281 (2d Cir. 1999).  In short, failure to contradict those factual assertions may result in the entry of summary judgment against the plaintiff which, of course, would end the case.

To contradict or oppose the defendants' motions for summary judgment, the plaintiff must show proof of his claims.  The plaintiff may do this in one or more of the following ways.  Most typically, the plaintiff may file and serve one or more affidavits or declarations setting forth the facts that would be admissible in evidence that he believes prove his claims or counter the defendants' assertions.  The person who signs each affidavit must

have personal knowledge of the facts stated within the affidavit.

Alternatively, the plaintiff may rely on statements made under penalty of perjury in the complaint if the complaint shows that the plaintiff has personal knowledge of the matters stated, and if the plaintiff calls to the Court's attention those parts of the complaint upon which he relies to oppose the defendants' motions.  The plaintiff may also rely upon written records, but must prove that the records are what they claim they are.  Finally, the plaintiff may rely on all or any part of deposition transcripts, answers to interrogatories, or admissions obtained in this proceeding.  See Fed. R. Civ. P. 56(e).[1]  If there is some good reason why the

---

[1] Rule 56(e) of the Federal Rules of Civil Procedure states:
>    (e) Form of Affidavits; Further Testimony; Defense Required.  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations

necessary facts are not available to the plaintiff at the time required to oppose a summary judgment motion, the Court will consider a request to delay consideration of the defendants' motions.

The plaintiff should always file a response to a motion by a defendant.  In particular, in the event a defendant files a motion for summary judgment as discussed above, or moves to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, the plaintiff's failure to respond may result in the dismissal of the case with respect to that defendant.

In accordance with the above, it is hereby ORDERED that the plaintiff's request for leave to proceed *in forma pauperis* (Paper 2) is GRANTED.  The plaintiff may file, and the Clerk of the Court shall accept, the complaint without prepayment of the required fees. Service of process shall be effected by the U.S. Marshal

---

or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Service.  <u>See</u> Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

Dated at Brattleboro, in the District of Vermont, this 22nd day of July, 2005.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
United States District Judge
